# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1676 | **DATE** | 2/13/2001 |
| **CASE TITLE** | Marvin Keeling, et al., v. Telehub Communications Corp., et al., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry] .

**Memorandum Opinion and order entered. Accorrdingly, defendant McLaughlin's motion to dismiss count IX of the complaint is denied.**

(11) ☒ [For further detail see order ~~on reverse side of~~/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 15 2001 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JS | courtroom deputy's initials | 01 FEB 15 AM 8:56 date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARVIN KEELING, ROSALIND HECIM, JAMES GIERCZYK, MARSHALL JOSEPH, MICHAEL ELLIOT, TIM RUCINSKI, JOSEPH TOSCANO and JASON BANK<br><br>Plaintiffs,<br><br>v.<br><br>TELEHUB COMMUNICATIONS CORPORATION, a Nevada corporation, WILLIAM H. BECKER, MICHAEL G. McLAUGHLIN, RICHARD M. HARMON, and MADISON SECURITIES, INC., a Delaware corporation and LEE WISKOWSKI,<br><br>Defendants. | No.   00 C 1676<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Marvin Keeling, Rosalind Hecim, James Gierczyk, Marshall Joseph, Michael Elliot, Tim Rucinski, Joseph Toscano and Jason Bank have filed a fifteen-count amended complaint against defendants Telehub Communications Corporation ("Telehub"), William Becker, Michael McLaughlin ("McLaughlin"), Richard Harmon ("Harmon"), Madison Securities, Inc. and Lee Wiskowski, alleging violations of the Securities Act of 1933 (15 U.S.C. §77q(a)) ("Securities Act") and the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) ("Securities Exchange Act"). McLaughlin has filed a Rule 12(b)(6) motion to dismiss Count IX of the complaint, which was brought by Marshall Joseph, Michael Elliot, and Joseph Toscano ("plaintiffs") against McLaughlin and Harmon, and alleges violations of §10b of the Securities

Act[1] and Rule 10b-5 of the General Rules and Regulations under the Securities Exchange Act.[2] For the reasons that follow, McLaughlin's motion is denied.

**FACTS**

For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

In Count IX, plaintiffs allege that in 1998, McLaughlin, through his agents, solicited the sale of warrants he owned in Telehub ("McLaughlin's warrants") by making misrepresentations and omissions of material fact by the use of the mails and a means or instrumentality of interstate

---

[1] §10b states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange-- (a) To effect a short sale, or to use or employ any stop-loss order in connection with the purchase or sale, of any security registered on a national securities exchange, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors. (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

[2] Rule 10b-5 states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

commerce. Plaintiffs allege that McLaughlin's agents represented that they were attempting to sell McLaughlin's warrants alone, when in fact they intended to sell Telehub warrants owned by Harmon ("Harmon's warrants").[3] Plaintiffs also allege that McLaughlin's agents represented that Telehub Network Services Corporation ("TNS")[4] was in sound financial condition at the time, was ready to go public in 1998 and would go public in 1999, and that McLaughlin's warrants were being sold to finance the construction of his new multi-million dollar house. According to plaintiffs, TNS was not in sound financial condition at the time, it was not ready to go public in 1998 and did not do so in 1999, and the purported sale of McLaughlin's warrants was in fact due to TNS's precarious financial condition.

Plaintiffs allege further that McLaughlin's agents intentionally deceived plaintiffs by failing to inform them that TNS had entered into service agreements with MCI whereby TNS purchased long distance telephone time from MCI and eventually became a wholesale reseller of that time. As a result of this investment, unknown to plaintiffs at the time, TNS lost a substantial amount of money each month after entering into the MCI service agreements and eventually had to file bankruptcy.

Based on the above representations, which plaintiffs allege they believed to be true and relied upon, and based on the above omissions of material fact, plaintiffs each paid $50,000 to purchase what they thought were McLaughlin's warrants but which turned out to be Harmon's

---

[3] According to plaintiffs, McLaughlin's agents were also agents of Harmon.

[4] The complaint alleges on information and belief that Telehub is the sole shareholder of TNS.

3

warrants. In any event, the warrants plaintiffs purchased were essentially worthless and, one year after their purchase, could not be resold due to the bankruptcy of TNS.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. See Travel All Over the World, 73 F.3d at 1429-30. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

## DISCUSSION

To state a claim for §10(b) and Rule 10b-5 violations, plaintiffs must allege the following elements: (1) a misrepresentation or omission; (2) of material fact; (3) made with scienter; (4) in connection with the purchase or sale of securities; (5) upon which plaintiffs relied; and (6) that reliance proximately caused the plaintiffs' injuries. See Danis v. USN Communs., Inc., 73 F. Supp. 2d 923, 936 (N.D. Ill. 1999) (citing Moss v. HealthCare Compare Corp. (In re HealthCare Compare Corp. Sec. Litig.), 75 F.3d 276, 280 (7th Cir. 1996). Regarding the "in connection with" requirement, the Supreme Court has held that this phrase "must be read flexibly, not technically and restrictively." Superintendent of Ins. v. Bankers Life & Casualty Co., 404 U.S. 6, 12 (1971). Thus, as long as there is "some nexus but not necessarily a direct and close relationship" between a defendant's conduct and a plaintiff's purchase or sale of securities, the

"in connection with" requirement is satisfied. Abrams v. Oppenheimer Government Secur., Inc., 737 F.2d 582, 593 (7th Cir. 1984); Levine v. Futransky, 636 F. Supp. 899, 901 (N.D. Ill. 1986).

McLaughlin argues that included in these requirements is the "key element" that McLaughlin be the actual seller of the securities; that is, McLaughlin says that he cannot be sued under §10(b) and Rule 10b-5 because he did not actually sell any securities to plaintiffs. According to McLaughlin, "[n]o injury could have been suffered by [p]laintiffs . . . as a result of any action by [McLaughlin] as no purchase was made by such plaintiffs from [McLaughlin]." This argument is entirely without legal support.

McLaughlin cites SEC v. Jakubowski, 150 F.3d 675, 679 (7th Cir. 1998), to support his assertion that the instant case "falls '. . . outside Rule 10b-5 because there was no sale.'" Jakubowski, however, does not support McLaughlin's argument. Instead, the portion of Jakubowski quoted by McLaughlin confirms that in order for a misstatement to be made "in connection with" the purchase or sale of securities, a plaintiff must actually purchase or sell securities. Put another way, the Jakubowski court confirmed that "a misrepresentation that induces a decision not to purchase [or sell] securities is outside the scope of §10(b) and Rule 10b-5." Id. (explaining and distinguishing Gurwara v. LyphoMed, Inc., 937 F.3d 380 (7th Cir. 1991) and Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975) from Jakubowski since, "[i]n both Blue Chip Stamps and Gurwara stock had a bargain element that eluded a potential purchaser because of a deceit, which fell outside Rule 10b-5 because there was no sale," whereas in Jakubowski there actually was a sale).

There is no question that the instant case involves a purchase of securities; plaintiffs allege that they purchased Harmon's warrants and McLaughlin does not deny that such a

purchase took place. Thus, the cited portion of Jakubowski does not support McLaughlin's argument that plaintiffs cannot sue him under Rule 10b-5 unless he was the seller of the securities in question.

McLaughlin also attempts to support his argument by citing A.L. Barnes v. Resource Royalties, Inc., 795 F.2d 1359, 1363 (8th Cir. 1986). According to McLaughlin, A.L. Barnes stands for the proposition that "[b]ased upon" the fact that the defendants were not the sellers of stock to the plaintiff in that case, "the [c]ircuit [c]ourt affirmed '. . . the [district] court's decision that the evidence did not establish violations of sections 12(2) and 10(b) with respect to . . . [such] . . . transaction.'" (quoting id.) Once again, McLaughlin assigns meaning to a holding that does not support his argument. The Eight Circuit affirmed the district court in A.L. Barnes because it correctly found that the plaintiff could not maintain suit against the defendants where there was "no evidence to link any conduct on [the] defendants' part with [the] plaintiff's decision initially to purchase the . . . stock." Id. (citing A.L. Barnes v. Resource Royalties, Inc., 610 F.Supp. 499, 503 (E.D. Mo. 1985)). Unlike plaintiffs in the instant case, the plaintiff in A.L. Barnes did not allege that he was induced into buying securities by the defendants; instead, the plaintiff bought the stock based solely "upon the representations of his broker," he "did not know where the stock originated for sale," he "never inquired of his broker as to who the seller of these, or any securities, was," and finally he "did not care who sold the securities or even what corporate entity he was investing in [because] he simply wanted a 'piece of the action.'" A.L. Barnes, 610 F. Supp. at 503-504 (quoting the plaintiff's testimony). Thus, the issue in A.L. Barnes was not whether the defendants actually sold the plaintiff the stock in question, the issue was whether there was any connection between the defendants' alleged misrepresentations and

6

the plaintiff's reliance on those statements in connection with his purchase of the stock. The district court in A.L. Barnes correctly found that there was no such "causal connection," and the Eighth Circuit affirmed that finding.

In the instant case, plaintiffs allege that as a result of misrepresentations and omissions of material fact by McLaughlin's agents, they were induced into buying McLaughlin's warrants (which they later learned were actually Harmon's warrants). McLaughlin does not take issue with these allegations in his motion and he does not argue that plaintiffs have failed to allege the required "causal connection." Thus, A.L. Barnes does not support McLaughlin's argument.

## CONCLUSION

Because McLaughlin has offered no legal support for his argument, and because the court can find no authority supporting that argument, the court agrees with plaintiffs that whether plaintiffs purchased the warrants from McLaughlin or from Harmon is, in fact, "irrelevant." What is relevant is whether plaintiffs have alleged that they relied to their detriment on a misrepresentation or omission of material fact that was made by McLaughlin's agents (with scienter) in connection with the purchase or sale of securities. Plaintiffs have done so, supplying the requisite "nexus" between McLaughlin's conduct and their purchase of Harmon's warrants. See Abrams, 737 F.2d at 593; Levine, 636 F. Supp. at 901. Consequently, McLaughlin's motion to dismiss is denied.

**ENTER:** **February 13, 2001**

Robert W. Gettleman
United States District Judge